# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IDA SIMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN DOODY (STAR NO. 19334), ) <br> and the CITY OF CHICAGO, a municipal ) <br> corporation. ) <br> ) <br> Defendants. ) | No. 18 C 4627 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

On July 5, 2016, Defendant Officer Susan Doody, a Chicago police officer, allegedly seized and destroyed Plaintiff Ida Simpson's handgun, despite having no legal justification for doing so. Almost two years later, on July 3, 2018, Simpson filed this lawsuit against the City of Chicago and Doody. Because her initial complaint only named Defendants in the caption and included no other details, the Court ordered Simpson to file an amended complaint, which she did on July 23, 2018. After the Court recruited counsel for Simpson, she filed a second amended complaint ("SAC") on March 1, 2019, alleging Doody and the City deprived her of her property in violation of 42 U.S.C. § 1983 and state law. The City now moves to dismiss the SAC based on the statute of limitations.[1] Because Simpson's claims are time-barred and do not relate back to the filing of her initial complaint, the Court dismisses the SAC with prejudice.

---

[1] Doody has not yet appeared in this case and did not join the City's motion to dismiss. However, the motion raises arguments that apply equally to both Defendants; thus, the Court extends them to include Doody because Simpson had an adequate opportunity to respond. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 2011) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendent Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although the

## BACKGROUND[2]

Simpson resides at a senior citizen residential building in Chicago. On July 5, 2016, Doody responded to a disturbance related to a holiday party on Simpson's floor and requested entry to Simpson's home. Simpson consented. Upon entry, Doody observed a .38 handgun on a table. Simpson presented Doody with proof of ownership and a valid Firearm Owner's Identification Card. Nonetheless, Doody seized the handgun and informed Simpson that she would not get the handgun back. Doody did not provide Simpson with a copy of the property inventory form from the City or information on how to retrieve the property. The City subsequently destroyed the handgun without providing Simpson with timely notice of her right to recover her property, nor compensation for the value of the handgun.

Simpson filed a complaint against the City and Doody on July 3, 2018. Doc. 1. That complaint did not include any allegations, only the parties' names in the caption. *Id.* The Court ordered Simpson to file an amended complaint by July 30, 2018, indicating that otherwise, the Court would dismiss the case for failure to state a claim. Doc. 7. Simpson filed a first amended complaint on July 23, 2018, naming the City and Doody as Defendants and alleging the wrongful disposal of her handgun. Doc. 11. After the Court recruited counsel for Simpson, Simpson filed the SAC on March 1, 2019. Doc. 28.

---

defendants had not entered appearances and it was not clear if they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants).

[2] The Court takes the facts in the background section from Simpson's SAC. These facts are presumed true for the purpose of resolving the motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

The City argues that the Court should dismiss the SAC because the statute of limitations has run on all of Simpson's claims and she cannot rely on relation back principles to make her claims timely. The statute of limitations is an affirmative defense that a plaintiff need not anticipate in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

3

**I.      Section 1983 Claims**

Simpson brings claims under § 1983 for violation of due process in connection with the seizure of her handgun. Illinois' statute of limitations for personal injury claims, which is two years, governs the statute of limitations for § 1983 claims, *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); 735 Ill. Comp. Stat. 5/13-202, though federal law determines when the claim accrues, *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, § 1983 claims accrue when a plaintiff knows or has reason to know that her constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Simpson does not appear to dispute that her federal claims accrued immediately, on the date of the alleged incident on July 5, 2016, because her injury arises from the initial seizure, with the allegedly unlawful retention and destruction of her property a consequence of that alleged seizure. *See Sherry v. City of Chicago*, No. 18 C 5525, 2019 WL 2525887, at *3–4 (N.D. Ill. June 19, 2019) (Fourteenth Amendment claim based on seizure of property accrued at the time of the seizure of property, despite the City's continued retention of that property); *White v. City of Waukegan*, No. 10 C 6454, 2011 WL 2470470, at *2 n.2 (N.D. Ill. June 20, 2011) (claim that defendants did not notify plaintiff of how to recover seized property accrued at the time of the seizure of the property); *MacNamara v. Hess*, 67 F. App'x 139, 143–44 (3d Cir. 2003) ("[T]he retention of the seized property is only a consequence of the original alleged illegal seizure and does not affect the date on which the claim accrues."); *Herrin v. Dunham*, No. 05-CV-10245, 2008 WL 2781456, at *4–5 (E.D. Mich. Mar. 17, 2008) (collecting cases finding that claims based on seizures of property, including continued wrongful retention of that property, accrue when alleged illegal seizure occurred), *report & recommendation adopted in part by* 2008 WL 2718802 (E.D. Mich. July 10, 2008). This means that the statute of limitations for Simpson's

federal claims expired on July 5, 2018. Although Simpson filed her initial complaint within the statute of limitations, the filing of the SAC on March 1, 2019, came too late.

But Simpson argues that her claims should nonetheless proceed based on the Court granting her time to file an amended complaint and the relation back doctrine.[3] Initially, the fact that, upon review of the initial complaint, the Court ordered Simpson to file an amended complaint by July 30, 2018, does not affect the accrual date or the fact that the operative SAC is time-barred. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011) ("Amending the complaint . . . was entirely proper; whether the complaint would relate back to the date when the original complaint was filed and thus defeat the statute of limitations was a separate question."); *Mullin v. Balicki*, 875 F.3d 140, 158 (3rd Cir. 2017) ("[I]n certain cases, the 'better approach' is to treat leave to amend and relation back/timeliness separately, determining first whether amendment should be allowed under the discretionary factors, and only then passing on whether the complaint relates back or is otherwise timely."). Nothing in the Court's order suggested the tolling of the statute of limitations until she filed her amended complaint. Simpson also cannot benefit from the tolling applicable to the Court's review of a complaint accompanied by a motion to proceed *in forma pauperis* because Simpson, although proceeding *pro se*, paid the filing fee the day she filed her complaint. *Cf. Taylor v. PSC Prof'l Sec. Consultants*, No. 16 cv 5210, 2017 WL 4742199, at *3 (N.D. Ill. Oct. 20, 2017) ("For purposes of the statute of limitations, when an IFP application is submitted to the clerk, the court will temporarily suspend or toll the limitations period while it determines whether the application will

---

[3] Simpson does not argue that the Court should equitably toll the statute of limitations. Equitable tolling applies "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (quoting *Clay v. Kuhl*, 727 N.E.2d 217, 223, 189 Ill. 2d 603, 244 Ill. Dec. 918 (2016)). Because Simpson does not rely on this doctrine and the SAC does not raise the possibility of equitable tolling, the Court does not consider whether it would apply here.

5

be granted or denied; the limitations period then resumes running upon the date the plaintiff receives notification of the denial.").

Therefore, for Simpson to proceed on her federal claims, the Court must find that the SAC relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).[4] The Court does not address whether the SAC relates back to the amended complaint because, even if it does, the amended complaint, filed eighteen days after the statute of limitations ran, would also have to relate back to the initial complaint. The Court collapses the inquiry and focuses on whether the initial complaint provided the City and Doody with sufficient notice of the subsequent claims.

Rule 15(c)(1)(B) provides that an amendment to a complaint "relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) does not require identical theories of recovery, only that the new claim is based on the same conduct, transaction, or occurrence as alleged in the original complaint. *See Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996) ("In general, relation back is permitted under [Rule 15(c)(1)(B)] where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading."). "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto*

---

[4] Simpson argues that it "seems logical" to find that the Court has already decided this question when denying the City's motion to dismiss the amended complaint. Doc. 37 at 5. But this misconstrues the Court's order denying that motion without prejudice, which it did to allow newly recruited counsel to file a second amended complaint. *See* Doc. 23.

*Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)).

Here, the Court cannot find that the SAC, or even the amended complaint, relates back to the original complaint. Simpson's original complaint, filed shortly before the statute of limitations expired, alleged no facts at all. Indeed, aside from the preprinted instructions provided on the form complaint, the initial complaint only includes the names of the parties in the caption. While the inclusion of the names in the caption could place the City and Doody on notice that they may be involved in subsequent litigation, it did nothing to place them on notice of the nature of Simpson's claims. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). A complaint alleging no facts cannot be the anchor that saves an otherwise untimely amendment. *See Roberson v. Alliance Midwest Tubular Prods., Inc.*, No. 99 C 7461, 2004 WL 1102310, at *2–4 (N.D. Ill. Apr. 28, 2004) (denying relation back where initial complaint included plaintiffs' names but no facts describing alleged claims, "declin[ing] to adopt a rule which would require defendants to divine a pro se plaintiff's cause of action based on the presence of his name in a caption"). Therefore, the SAC does not relate back to Simpson's initial timely-filed complaint, meaning the statute of limitations bars her federal claims.

## II. State Law Claims

Having concluded that Simpson's federal claims are barred by the statute of limitations, the only remaining substantive claims are her state law claims for conversion, detinue, and

7

replevin.[5]  "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).  However, the Court should not relinquish jurisdiction if "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008).

Here, the Court finds it appropriate to decide the state law claims instead of relinquishing jurisdiction.  The City argues that the statute of limitations bars Simpson's state law claims, relying on the one-year statute of limitations that governs state law tort claims against the City or its employees.  745 Ill. Comp. Stat. 10/8-101; *Willams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("Illinois local governmental entities and their employees . . . benefit from a one-year statute of limitations for 'civil actions' against them.").  Simpson does not contest the fact that these claims also accrued on July 5, 2016, failing to address the different limitations periods for her state and federal claims and treating their accrual dates the same.  As such, she has effectively conceded the issue, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."), and so the Court finds that the state law claims in the SAC are time-barred.  The shorter one-year statute of limitations also means that, even if Simpson could rely on the relation back doctrine, her state law claims would remain time-barred because Simpson filed her initial complaint on July 3, 2018, almost a year after the statute of limitations expired for these claims.  Therefore, the Court dismisses Simpson's remaining state law claims as time-barred.

---

[5] Simpson also has pleaded state law claims based on indemnification and *respondeat superior*, but these claims rely on the viability of the underlying substantive claims.

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss the second amended complaint [32]. The Court dismisses the second amended complaint with prejudice and terminates this case.

Dated: August 12, 2019

_____
SARA L. ELLIS
United States District Judge